CENTRAL PENNSYLVANIA TEAMSTERS HEALTH AND WELFARE FUND and Joseph J. Samolewicz,

v.

SCRANTON BUILDING BLOCK COMPANY and Theodore Lewis.

Civ. A. No. 94–CV–7172.

United States District Court, E.D. Pennsylvania.

May 10, 1995.

Frank C. Sabatino, Christopher J. Moran, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for plaintiffs.

Jacob Nogi, Nogi, Appleton, Weinberger & Wren, Scranton, PA, for defendants.

## MEMORANDUM

JOYNER, District Judge.

Plaintiffs, the Central Pennsylvania Teamsters Health and Welfare Fund (the Fund), and the Assistant Administrator of the Fund, Joseph Samolewicz, have moved this Court for Summary Judgment against Defendants, Scranton Building Block Company, and an executive of Scranton, Theodore Lewis. Plaintiffs assert that no genuine issues of material fact exist, and therefore, summary judgment is appropriate under Fed.R.Civ.P. 56.

The parties agree that at least for the purposes of this motion, the following facts are undisputed. Scranton is an employer that has a collective bargaining agreement with a union, Local 229 of the Teamsters, Chauffeurs, Warehousemen and Helpers of American, AFL–CIO (Local 229). In 1992, Scranton and Local 229 negotiated an agreement to provide pension benefits to all eligible employees. The agreement was submitted to the Fund, a multi-employer pension plan. The Fund accepted the agreement, and provided several contracts and certifications to be made by Scranton and Local 229 (the Plan). All the required paperwork was done, and for several years, pursuant to the Plan, the Fund received contributions on a monthly basis from Scranton with no apparent problems.

In September, 1993, however, the Fund conducted an apparently routine audit, and discovered that Scranton had not made contributions for one employee, Thomas Collins. The Fund demanded the delinquent contributions, but Scranton refused to pay them on the basis that Mr. Collins had "opted-out" of the agreement. This lawsuit has resulted. It is undisputed that the provisions of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (1985) (ERISA), apply to the Plan and to the legal issues raised by this litigation.

In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

Defendants argue that summary judgment is inappropriate because of three genuine issues of material fact. First, they assert that Local 229's representative informed them on more than one occasion that Scranton was not required to make contributions for otherwise eligible employees who opted out of the Plan. Defendants assert that Mr. Collins opted out, and therefore, they had no obligation to make contributions on his behalf. Presumably, this argument creates an issue of material fact in that a jury must decide whether Mr. Collins's opting out relieved Defendants of their duties to him under the Plan.

In contrast, Plaintiffs assert that Scranton agreed to make contributions for *all* eligible employees. They argue that none of the Plan documents provide for an employee to opt out of coverage. Therefore, they argue, under 29 U.S.C. § 1145, Scranton has an

obligation to make contributions in accordance with the terms of the Plan.[1]

 We must take the non-movant's facts as true, and accordingly, we assume that there was an oral agreement between Scranton and Local 229 that Scranton's employees could opt out of the Plan. According to established case-law, however, such an oral agreement is irrelevant to Defendants' duties under ERISA. Courts addressing 29 U.S.C. § 1145 hold that defenses to ERISA actions are few, and do not include oral modifications to the agreements. *Agathos v. Starlite Motel,* 977 F.2d 1500, 1505 (3d Cir.1992) (only three defenses to § 1145 action). For example, the Third Circuit has repeatedly held that an oral agreement to modify a benefit plan is unenforceable against the pension fund. *See Abbate v. Browning–Ferris Indus.,* 767 F.2d 52, 54–55 (3d Cir.1985); *Agathos,* 977 F.2d at 1506; *Lewis v. Seanor Coal Co.,* 382 F.2d 437 (3d Cir.1967), *cert. denied,* 390 U.S. 947, 88 S.Ct. 1035, 19 L.Ed.2d 1137 (1968). Pertinent to this case, the Seventh Circuit recently held that an "understanding" between an employer and the local union was unenforceable against the pension fund when it conflicted with the terms of the written agreement. The court held, "the jury may have decided that [the employer] and the local had such an understanding, but as a matter of law the understanding is irrelevant." *Central States v. McClelland,* 23 F.3d 1256, 1258 (7th Cir.1994).

 We find that even if there were an agreement between Scranton and Local 229 that employees could opt out of the pension plan, under established law, this agreement is unenforceable against the Fund. Accordingly, Defendants' first proposed genuine issue of fact is not material, and is therefore, no bar to summary judgment.

Defendants' second proposed issue of material fact is that the Fund acquiesced in Scranton's decision not to contribute funds on behalf of employees who opted out of the Plan. There is no explanation of this assertion, not even a cite to one of the three

Declarations attached to Defendants' response. A careful reading of these Declarations does not reveal any evidence in support of this assertion, such as an indication that the Fund was aware of Mr. Collins's opt out, yet did nothing. In contrast, Plaintiffs have submitted Samolewicz's Affidavit, which indicates that the Fund did not acquiesce in any opt out program. Samolewicz Aff. at ¶¶ 19–24.

Because Defendants have not supported their assertion of acquiescence with specific facts, we do not find that Defendants have demonstrated a genuine issue of material fact, and accordingly, summary judgment is not barred. *See* Fed.R.Civ.P. 56(e) ("adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.")

Finally, Defendants assert that there is a material issue of fact in that Defendants do not believe that simply because the Plan does not provide for an opt out arrangement, that that does not mean that no such arrangement is permissible. This statement does not raise an issue of fact, but an issue of law; namely, the proper interpretation of a contract's provisions. Defendants do not discuss this assertion in any way, nor do the Declarations address this question.

 The Plan's documents are plain that Scranton is obligated to make contributions on behalf of each eligible employee. Defendants do not contest the fact that Mr. Collins was an eligible employee. Under normal statutory construction rules, therefore, the Plan requires Scranton to make contributions on Mr. Collins's behalf. *Central States,* 23 F.3d at 1258. Moreover, ERISA requires an employer to abide by "the terms and conditions" of a plan, not "the terms and conditions of a plan and those terms and conditions not expressly prohibited by a plan". Because we found above that the Plan's terms could not be orally modified, the Plan's terms control Defendants' duties.

1. 29 U.S.C. § 1145 states, "Every employer who is obligated to make contributions to a multi-employer Plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement."

Accordingly, Defendants were obligated to contribute on behalf of all eligible employees, including Mr. Collins. This ruling concords with the purpose behind ERISA, which is to ensure that all participants in a multi-employer plan abide by the same rules. *Abbate,* 767 F.2d at 55.

In summary, we have found that no genuine issues of material fact exist, and will accordingly grant summary judgment on Plaintiffs' behalf. An appropriate Order follows.

## ORDER

AND NOW, this 10th day of May, 1995, upon consideration of Plaintiffs' Motion for Summary Judgment, and responses thereto, the Motion is hereby GRANTED. Plaintiffs are hereby AWARDED, pursuant to 29 U.S.C. § 1132(g)(2), the costs of the payroll audit, the amount of the delinquent contributions plus interest, liquidated damages, Plaintiffs' attorneys' fees and the costs of this action. It is hereby FURTHER ORDERED that Defendants are enjoined from future violations of its obligations to make contributions to the Central Pennsylvania Teamsters Health and Welfare Fund. This Court hereby RETAINS jurisdiction over this action for the purposes of enforcing and modifying, if necessary, the relief ordered herein.